IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BRONWEN WALTERS<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>WALDEN UNIVERSITY, LLC, and<br>LAUREATE EDUCATION, INC.<br><br>　　　　　　　　　Defendants. | Case No. 2:15-cv-01417<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR DAMAGES**

Plaintiff Bronwen Walters, by and through her attorneys of record, bring this Complaint for Damages, against Defendant Walden University LLC ("Walden University") and Defendant Laureate Education Inc. ("Laureate") (hereinafter referred to as the "Defendants") for disability harassment and retaliation in violation of federal and Washington state anti-discrimination law, Washington state consumer protection law, and for intentional infliction of emotional distress under Washington state tort law.

FIRST AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL - 1

Cassady Law Firm
1700 Seventh Avenue, Suite 2100-327
Seattle, Washington 98101
Phone (206) 452-5665 • Fax (206) 299-9960

## I.   PARTIES

1. Ms. Walters is, and had been at all relevant times, a resident and citizen of the State of Washington. She holds a Bachelor's Degree in Industrial Design from Western Washington University and a Master's Degree in Applied Psychology from Stevens Institute of Technology in Hoboken in 1996. After she received her Master's degree, she worked for fifteen years as a Human Factors Specialist with various companies around the country and as a Professor at the University of Illinois and Carnegie Mellon. She decided to pursue a PhD to become a social psychologist consultant to individuals and corporations. She was enrolled in Walden University's online PhD program in Social Psychology as a doctoral student from March to September 2012.

2. Walden University is a private university receiving federal funds for purposes of the Rehabilitation Act of 1973 §504, 29 USC §794.

3. Walden University is a limited liability company organized under the laws of the State of Florida with its principle place of business in Baltimore, Maryland. As such, Walden is a citizen of both Florida and Maryland. Upon information and belief, Walden University is a wholly owned subsidiary of Laureate.

4. Laureate is a corporation organized under the laws of the State of Maryland with its principle place of business in Baltimore, Maryland. As such, Laureate is a citizen of Maryland. Upon information and belief, Laureate is the sole parent company of Walden University.

FIRST AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL - 2

Cassady Law Firm
1700 Seventh Avenue, Suite 2100-327
Seattle, Washington 98101
Phone (206) 452-5665 • Fax (206) 299-9960

## II. JURISDICTION AND VENUE

5. Plaintiff's claims arise under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*., 42 USC §1988, as well as the Washington Law Against Discrimination, 49.60 RCW, the Washington Consumer Protection Act. RCW 19.86.020, and state tort law.

6. As such, this Court has jurisdiction pursuant to 28 USC §1331 and, as to the state claims, its pendant jurisdiction pursuant to 28 U.S.C. §1367.

7. Furthermore, as there is complete diversity between the parties and the amount in controversy exceeds the sum or value of $75,000, this Court has diversity jurisdiction pursuant to 28 USC §1332.

8. Venue is proper pursuant to 28 USC §1391 (c).

## III. FACTUAL BACKGROUND

9. Ms. Walters holds a BA in Industrial Design and an MA in Applied Psychology. She graduated from her Master's program with a 3.65 GPA in 1996 and, prior to the incident at issue, has had consistently positive relationships with her professors and academic institutions.

10. Ms. Walters was diagnosed with Major Depressive Disorder in 1989, and Attention Deficit Disorder co-morbid with Dysthymia in 1999. Over the last several years, she has sought treatment and been prescribed therapy and medication for these disabling conditions.

Cassady Law Firm
1700 Seventh Avenue, Suite 2100-327
Seattle, Washington 98101
Phone (206) 452-5665 • Fax (206) 299-9960

11. Ms. Walters was contacted by a Walden University enrollment advisor in February 2012 after requesting additional information to learn more about their PhD in Social Psychology. She was particularly concerned about how the online format would work for her given her disability diagnoses.

12. The enrollment advisor assured Ms. Walters that the online format offered flexibility and – most importantly to Ms. Walters because of her disabling conditions – that she could work at her own pace. Based on these assurances, Ms. Walters enrolled in Walden University's PhD program.

13. On March 5, 2012, Ms. Walters received an email from Dr. Perry addressed to her Social Psychology student cohort introducing himself as the Program Director.

14. The first quarter ("Q1") began on March 6, 2012, and Ms. Walters quickly realized the program was not what she had been led to expect. The course syllabi was a template that laid out lists of requirements for multiple, writing-assignments for discussions and papers, which, were to be submitted and posted by 11:59 pm on day 3, 4, 5, 6, and/or 7 for each of the 12 weeks of the course. Ms. Walters was quickly overwhelmed by the unsustainable pace and volume of seemingly low-level tasks. Nevertheless, she struggled to perform the work and complete the quarter.

15. Ms. Walters ended Q1 on academic probation in June 2012. This status threatened her student loan eligibility and was particularly alarming to Ms. Walters in light of her prior academic success and professional accomplishments.

16. Ms. Walters began her second quarter ("Q2") in July 2012 and was shortly thereafter removed from academic probation. Nevertheless, she still believed her

FIRST AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL - 4

Cassady Law Firm
1700 Seventh Avenue, Suite 2100-327
Seattle, Washington  98101
Phone (206) 452-5665 • Fax (206) 299-9960

participation in the program was not sustainable given her history of ADD and chronic depression. On July 28, 2012, unable to continue unsupported with the demands of the program, Ms. Walters submitted a disability accommodation request to the Defendants. Specifically, she sought accommodations as a student with the psychological disabilities of ADD and chronic depression. She explained in detail her struggle with the course work and rigid deadlines, providing:

> I am asking for flexibility in the submission dates. I need to participate in the weekly discussions without the rigidity of submissions on certain days of the week – I have submitted before due dates. I need a grace period for assignments due dates. I believe I can be successful with these accommodations. And, prior late penalties incurred this quarter be lifted and points restored.

17. On August 6, 2012, she received a response from the Disability Services Office providing her an "additional time" accommodation responsive to her disabilities, but providing:

> Walden's weekly modular format is flexible enough to accommodate most disability-related issues. This extra time is offered as a safety net should you have excessive or unexpected disability-related issues during the term and is not meant to be used on a routine basis.

18. Ms. Walters was anxious and intimidated by this attempt to inhibit her from accessing her disability accommodations "on a routine basis" and confused at how she was meant to perform as expected when she had already found the current pace unsustainable and not at all "flexible enough to accommodate most disability-related issues."

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 5

Cassady Law Firm
1700 Seventh Avenue, Suite 2100-327
Seattle, Washington 98101
Phone (206) 452-5665 • Fax (206) 299-9960

19. Walden University courses are taught by either Walden core faculty members or by adjunct professors who are often academics from other traditional colleges and universities.

20. At first, both of Ms. Walters' classes during Q2 were taught by adjunct professors. Ms. Walters noticed that her adjunct professors at Walden University integrated her disability accommodations into their course expectations without incident. However, her Research Methods professor inexplicably left partway through Q2 and Dr. Kimberley Cox, a Walden core faculty member, took over as the instructor.

21. Right away, Ms. Walters noticed a difference in the way Dr. Cox addressed her accommodations versus her treatment by Dr. Uldell, the adjunct professor in her other class. Dr. Cox was hyper-focused on Ms. Walters' disability accommodation and unnecessarily rigid to the point of being antagonistic. Dr. Cox implemented Ms. Walter's "extra time" accommodation down to the minute, which caused Ms. Walters anxiety and distress. Notably, Dr. Cox rejected Ms. Walters' foundational research paper exploring the effects of ADHD on student outcomes in online learning, requiring Ms. Walters to redo the assignment, something she did not require of any other student. Due to the cascading timeline of assignments – whereby each subsequent assignment relied on the prior assignment's completion – Ms. Walters fell further behind in her assignments. Ms. Walters was penalized for her late assignments with zero points for completed assignments; Dr. Cox altered the electronic record of times and dates assignments had been submitted, as well as deducted points from work previously turned in and graded. At no point did Dr. Cox explain her reasons for doing so. Ms. Walters finished that class

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 6

Cassady Law Firm
1700 Seventh Avenue, Suite 2100-327
Seattle, Washington 98101
Phone (206) 452-5665 • Fax (206) 299-9960

with a grade that she did not believe accurately reflected the quality of her work and an alarming concern for Walden's teaching practices.

22. Ms. Walters felt harassed and intimidated by Dr. Cox's attitude and actions. She attempted to resolve her concerns with Dr. Cox directly, but Dr. Cox ultimately misrepresented those communication attempts as allegations of academic dishonesty.

23. Ms. Walters sent an email to Dr. Perry on September 3, 2012, requesting a phone conversation to address her concerns. Dr. Perry emailed her back but refused to set up a phone call to discuss her concerns.

24. For her third quarter ("Q3"), Ms. Walters had two classes, one with an adjunct professor (Dr. Rasmussen) and one with, Dr. Peggy Gallaher, who shared an instructional cohort as Dr. Cox. Again, Ms. Walters noticed a marked difference in the way her other professor accommodated her disability without bringing attention to her differences, versus the antagonistic and overly-rigid implementation of accommodations by Dr. Gallaher. Moreover, Dr. Gallaher responded to Ms. Walters' online posts with criticism and antagonism, which contrasted starkly with Dr. Gallaher's praise of other students with markedly lower caliber posts. Ms. Walters felt targeted and intimidated by Dr. Gallaher's behavior. Ms Walters feared the continuation of Dr. Gallaher's counterproductive disruptions over the 12-week course would deleteriously impact her performance, and cause her to fail the time-intensive course.

25. Walden requires that the doctoral candidate include consultation and approval from faculty, department heads and administrative officials before the degree is completed and granted. The 5-stage dissertation process requires the doctoral candidate to

FIRST AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL - 7

Cassady Law Firm
1700 Seventh Avenue, Suite 2100-327
Seattle, Washington 98101
Phone (206) 452-5665 • Fax (206) 299-9960

gain approval for advancement to the next stage. Ms. Walters became concerned that her request for disability accommodations would negatively impact her ability to gain the approvals required in the process.

26. In an email on September 8, 2012, at 5:16PM, Ms. Walters again, sought Dr. Perry to report the disability harassment by both Dr. Cox and Dr. Gallaher. She gave a brief overview of her concerns and asked Dr. Perry that her coursework and evaluations be reviewed by an "unbiased, independent scholar" and that her professors agree to respond to her coursework in "a fair and civil manner."

27. Dr. Perry responded at 7:03PM with an intimidating email appearing to threaten disciplinary action responsive to her request to discuss the situation, providing:

> I would caution you regarding your comments about Dr. Cox and Dr. Gallaher. Making disrespectful, inappropriate, and unprofessional comments about instructors/staff is a violation of the student code of conduct.

28. At 7:36PM, he contacted Ms. Walters again with a second threatening email alleging she had misrepresented the situation with her professors that began, "You left out quite a bit of information from your previous email." At 12:00AM that night, he emailed her a third time providing bullet points in what appears to be an attempt to refute her concern.

29. When Ms. Walters reviewed these emails, she was shocked, scared, and humiliated. She had clearly not meant her one email to provide an exhaustive history of her experience. Ms. Walters was particularly concerned that Dr. Perry – her Program Director – had responded to her request for guidance and assistance so aggressively. She was concerned that if she was charged with a violation of the student code of conduct,

FIRST AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL - 8

Cassady Law Firm
1700 Seventh Avenue, Suite 2100-327
Seattle, Washington 98101
Phone (206) 452-5665 • Fax (206) 299-9960

she could lose her financial aid or face disciplinary action including expulsion from the program. Moreover, the content and temperament of Dr. Perry's series of emails demonstrated that he would be unable to provide the support Ms. Walters would require to advance through the dissertation process. Feeling defeated and frightened, Ms. Walters responded to Dr. Perry with a one-line email thanking him for his response.

30. In light of this response, Ms. Walters did not know what to do. Unable to continue in this hostile and abusive learning environment, she simply stopped "attending" her Q3 courses. Dr. Rasmussen contacted her to see if she was okay. Neither Dr. Gallaher nor Dr. Perry ever contacted her to check on her wellbeing, which further isolated Ms. Walters.

31. Walden University unilaterally dropped Ms. Walters from her classes at some point during Q3. Nevertheless, Ms. Walters received a bill for the fourth quarter ("Q4"). She did not pay the bill and was informed that Walden University was sending the bill to collections.

32. Due to the above-described experience at Walden University, Ms. Walters suffered a severe depressive episode, which she still suffers from today.

33. She unsuccessfully sought legal assistance in an attempt to undo her student loan debt, which ultimately went into default. She felt helpless, hopeless, and scared.

34. Due to the emotional and financial fallout from this experience, Ms. Walters was unable to enroll in another PhD program. Moreover, she has not been able to hold consistent employment since this experience.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 9

Cassady Law Firm
1700 Seventh Avenue, Suite 2100-327
Seattle, Washington 98101
Phone (206) 452-5665 • Fax (206) 299-9960

## IV. CLAIMS FOR RELIEF

Based on the foregoing, Ms. Walters asserts her damages claim on the following theories:

### FIRST CAUSE OF ACTION: DISABILITY HARASSMENT AND RETALIATION IN VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973

35. The Defendants' discriminatory and retaliatory actions were committed in either bad faith or by gross misjudgment and constitute a violation of Section 504 of the Rehabilitation Act of 1973 (the "Act"), 29 U.S.C. § 701 *et seq*.

36. Ms. Walters is "disabled" as that term is defined in Section 504; she engaged in a protected activity when she asked for accommodations and also when she sought to report what she believed to be disability discrimination; the Defendants' actions were sufficient to deter a person of ordinary firmness from exercising her rights; and there was a causal connection between the protected activity and the retaliatory action.

### SECOND CAUSE OF ACTION: VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION

37. The Defendants' discriminatory and retaliatory acts constitute a violation of the Washington Law Against Discrimination, RCW 49.60 *et seq*., which prohibits discrimination based on "the presence of any sensory, mental, or physical disability" and preserves "[t]he right to be free from discrimination." RCW 49.60.030(1). "The right to be free from discrimination" includes "[t]he right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement." Id. *accord* RCW 49.60.215. The statute

FIRST AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL - 10

Cassady Law Firm
1700 Seventh Avenue, Suite 2100-327
Seattle, Washington  98101
Phone (206) 452-5665 • Fax (206) 299-9960

applies to any person or entity who offers "the sale of goods, merchandise, services, or personal property, or for the rendering of personal services…." RCW 49.60.040(2).

38. The Defendants sell goods and services – through its provision of online educational opportunities.

39. The Defendants' commercial practices are subject to the Washington Law Against Discrimination.

40. Walden University is a place of public accommodation under the Washington Law Against Discrimination.

41. From March to September 2012, Walden University engaged in acts and omissions that constitute disability discrimination on the basis of Ms. Walters' disability.

42. In doing so, the Defendants deprived Ms. Walters of the "accommodations, advantages, facilities, or privileges of [a] place of public resort, accommodation, assemblage, or amusement," in violation of RCW 49.60.030(1)(b) and RCW 49.60.215.

43. Pursuant to RCW 49.60.030 and RCW 49.60.215, The Defendants' treatment of Ms. Walters constitutes unlawful discrimination against her on the basis of her disability.

### THIRD CAUSE OF ACTION: VIOLATION OF THE CONSUMER PROTECTION ACT

44. Unfair acts or practices in the conduct of trade or commerce are unlawful violations of the Washington Consumer Protection Act. RCW 19.86.020. Violations of Washington's Law Against Discrimination are per se violations of the Consumer Protection Act. RCW 49.60.030(3)

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 11

Cassady Law Firm
1700 Seventh Avenue, Suite 2100-327
Seattle, Washington 98101
Phone (206) 452-5665 • Fax (206) 299-9960

45. The Defendants' actions constitute an unfair act or practice in trade or commerce and an unfair method of competition that runs contrary to the public interest of Washington State. The Defendants' actions injured Ms. Walters, and the Defendants are therefore liable under the Washington Consumer Protection Act.

### FOURTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46. The Defendants' actions constitute intentional infliction of emotional distress.

### V.   DAMAGES

Plaintiff realleges paragraphs 1 through 46 as if set forth herein:

47. As a direct and proximate cause of the conduct and violations of law identifies in each of the Plaintiff's stated cause of action, Plaintiff has suffered, and continues to suffer, pecuniary losses, including but not limited to student loans and loss of vocational opportunities, in an amount to be determined at trial.

48. As a direct and proximate cause of the conduct and violations of law identified in Plaintiffs' state causes of action, Plaintiff has suffered, and continues to suffer, general damages, including but not limited to, emotional distress, humiliation, mental anguish, pain and suffering, and embarrassment, each in an amount to be proved at trial.

49. As a direct and proximate cause of the conduct and violations of law identifies in each of the Plaintiff's stated cause of action, Plaintiff has suffered, and continues to suffer, special damages, including but not limited to, counseling and medical expenses, in an amount to be proved at trial.

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 12

Cassady Law Firm
1700 Seventh Avenue, Suite 2100-327
Seattle, Washington  98101
Phone (206) 452-5665 • Fax (206) 299-9960

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court grant her relief, including:

1. Compensatory, general, and special damages in an amount to be proved at trial;
2. Emotional distress, pain and suffering, and any medical expenses flowing there from in an amount to be proved at trial;
3. The Plaintiff's reasonable attorneys' fees pursuant to RCW 49.60.030(2) and 29 USC § 794 *et seq*.
4. Costs of suit as provided by RCW 49.60.030(2) and 29 USC § 794 *et seq*.
5. Prejudgment interest at the highest lawful rate; and
6. Such other further relief as the Court may deem just and equitable.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

DATED this 8th day of September, 2015.

CASSADY LAW

By:   /s/ *Lara Hruska*
Lara R. Hruska WSBA #46531
lara@cassadylaw.org
By:   /s/ *Charlotte Cassady*
Charlotte Cassady WSBA #19848
charlotte@cassadylaw.org
1700 Seventh Ave. #2100
Seattle, WA 98101

*Attorneys for Plaintiff*

FIRST AMENDED COMPLAINT AND DEMAND
FOR JURY TRIAL - 13

**Cassady Law Firm**

1700 Seventh Avenue, Suite 2100-327
Seattle, Washington  98101
Phone (206) 452-5665 • Fax (206) 299-9960